Johnson, J.
delivered the opinion of the Court.
*137 The question, whether the note, on which this action was brought, was, or was not, transferable by delivery, so as to enable the plaintiff to maintain an action on it in his own name, does not appear to have been made in the Court below, and cannot therefore be considered here: and I concur with the presiding Judge, in the opinion, that the plaintiff stood in no better situa'tion, with respect to his power to accept, or refuse the horse, when tendered, than the original payee would, if the note had not been transferred, but the tender had been made to himself, and the action brought in his name. So that the only question is, whether the plaintiff was, or was not, bound to accept the horse when tendered.
I take it that the rule is very clear, that when one contracts in the alternative to do one of two things by a given day, he has, until the day is past, the right to elect which of them he will perform; but if he suffer the day to elapse without performing either, his contract is broken, and his right of election is lost. The present case sufficiently illustrates the reason of the rule. The payee of the note might reasonably calculate upon the value of a horse, at a particular day. He might want him at that time for a particular purpose. But if it were left to the defendant, at his election, to deliver ahorse at any indefinite period afterwards, he might select that time, at which the value of horses would be most depreciated; and thus gain an advantage inconsistent with his contract. The note in question was due on the 25th December, 1827, and this action was brought in-October, 1828. The tender is said to have been made shortly before, so that at least eight months had elapsed before the tender was made. The plaintiff was not bound to accept; and a new trial must therefore be granted.
Motion granted.